IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

BILLY RANDAL MACHEN, DDS, *et al.*                    PLAINTIFFS

v.                          CASE NO. 4:20-CV-451-BSM

ASPEN AMERICAN INSURANCE COMPANY, *et al.*            DEFENDANTS

<u>ORDER</u>

Aspen American Insurance company's motions to dismiss [Doc. Nos. 6, 32] are denied. Cincinnati Insurance Companies and Cincinnati Specialty Underwriters Insurance Company's motions for summary judgment [Doc. Nos. 16, 35] are granted, and those claims are dismissed with prejudice.

I. BACKGROUND

Billy Randall Machen, DDS, Billy Randall Machen, DDS PA, and Machen Real Estate, LLC (collectively, "plaintiffs") are suing Aspen American Insurance Company ("Aspen"), Cincinnati Insurance Company ("CIC"), and Cincinnati Special Underwriters Insurance Company ("CSU") for damages arising from an insurance coverage dispute.

This is an awful case in which plaintiffs hired Greenhagen Exteriors, a deadbeat roofing company, to repair the roof of their dental clinic. Am. Compl. ¶ 8, Doc. No. 30; Defs.' F. ¶ 10, Doc. No. 37. And, as happens with deadbeat roofers, Greenhagen tore off the roof and left it uncovered overnight while it rained. *Id.* at ¶ 9. Plaintiffs sued Greenhagen and received a default judgement for $238,252.82. *Id.* ¶ 10. Since this judgment is probably unenforceable, plaintiffs are seeking to answer the question: is there some insurance

company that is obligated to pay for their loss?  At the time of the incident, Greenhagen was insured by CSU,  Pls.' Resp. Defs.' F. ¶ 1, Doc. No. 43, and plaintiffs were insured by Aspen.  Doc. No. 30 ¶ 13.

## II. LEGAL STANDARDS

### A.   Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) permits dismissal when the plaintiff fails to state a claim upon which relief may be granted.  To meet the 12(b)(6) standard, a complaint must allege sufficient facts to entitle the plaintiff to the relief sought.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Although detailed factual allegations are not required, threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, are insufficient.  *Id.*  In ruling on a 12(b)(6) motion to dismiss, materials embraced by the pleadings, as well as exhibits attached to the pleadings and matters of public record, may all be considered.  *Mills v. City of Grand Forks*, 614 F.3d 495, 498 (8th Cir. 2010).

### A.   Summary Judgment

Summary judgment is appropriate when there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 249–50 (1986).  Once the moving party demonstrates that there is no genuine dispute of material fact, the non-moving party may not rest upon the mere allegations or denials in his pleadings.  *Holden v. Hirner*, 663 F.3d 336, 340 (8th Cir. 2011).  Instead, the non-moving party must produce admissible evidence

demonstrating a genuine factual dispute requiring a trial.  *Id.*  All reasonable inferences must be drawn in a light most favorable to the nonmoving party.  *Holland v. Sam's Club*, 487 F.3d 641, 643 (8th Cir. 2007).  The evidence is not weighed, and no credibility determinations are made.  *Jenkins v. Winter*, 540 F.3d 742, 750 (8th Cir. 2008).

## III. DISCUSSION

### A.    Motion to Dismiss

Although not absolutely clear at first blush, Aspen's motion to dismiss is denied because plaintiffs have alleged facts sufficient state a plausible claim against it.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### *1. Faulty Workmanship Exclusion and Rain Limitation*

Plaintiffs' insurance policy excludes damage caused by "[f]aulty, inadequate or defective: design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction."  Aspen Policy ASPDTPR110 1007, Doc. No. 33, Ex. 3, at 15–16. Faulty workmanship includes both product and process.  *BSI Constructors, Inc. V. Hartford Fire Ins. Co.*, 705 F.3d 330, 333 (8th Cir 2013) (process was faulty when subcontractors negligently carried and stored equipment on an unprotected roof).

Plaintiffs argue that Greenhagen's process was not the cause of their loss, but instead, Greenhagen's failure to cover the roof, along with the rain.  Resp. Mot. Dismiss at 5. In response, Aspen argues that a concurrent causes of damage theory is not applicable  because Arkansas is an efficient proximate cause jurisdiction.  Doc. No. 49 at 5.

3

Whether the "process" of faulty workmanship is limited to the method by which Greenhagen actually performed the repairs to the roof, or whether "process" extends to every conceivable action performed by Greenhagen while at the job site, is unclear. Consequently, Greenhagen's failure to cover the roof is not so clearly excluded by the policy that it warrants dismissal under Rule 12(b)(6).

## 2. Judicial Estoppel

Plaintiffs are not estopped from making the claims they are now making. They have always argued that their clinic was damaged by rain when Greenhagen failed to cover the roof. The issue presented is whether Aspen can be held liable for the damage. This is not totally inconsistent with plaintiff's previous position.

B.    <u>Summary Judgment</u>

Summary judgment is granted on all of plaintiffs' claims against CIC and CSU.

## 1. CIC

Summary judgment is granted on plaintiffs' claims against CIC because it undisputed that CSU insured Greenhagen. Doc. No. 43 ¶ 1. While there is an insurance certificate indicating that CIC insured Greenhagen, no evidence supports plaintiffs' argument that CIC insured Greenhagen for the damages plaintiffs suffered.

## 2. CSU

Summary judgment is granted on plaintiffs' claims against CSU because CSU's insurance policy with Greenhagen has a roof limitation provision that precludes coverage of

the damage caused by Greenhagen's failure to cover the roof.   Mot. Summ. J. at 5–10, Doc. No. 36.   The contract provides that "[t]his insurance does not apply to any loss, claim or damage cause by or arising out of: . . .removal of any roof or sections thereof. . . leaving the shell or any other section of the structure exposed." CSU Policy CSU129736, Doc. No. 16-1 at 51.   The parties do not dispute that Greenhagen left the roof uncovered.   *See* Doc. No. 37 ¶ 10; Doc. No. 30 ¶ 7.   Plaintiffs also do not argue that the endorsement is invalid, but instead suggest that the policy's limitations should be ignored to protect plaintiffs from Greenhagen's negligence.   Although plaintiffs' frustration is understandable, its suggestion is declined.

IT IS SO ORDERED this 31th day of March, 2021.

UNITED STATES DISTRICT JUDGE

5